UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARLIN GIOVANNI PICKENS,<br><br>                    Plaintiff,<br><br>       v.<br><br>CENTRAL INTELLIGENCE AGENCY,<br><br>                    Defendant. | CASE NO. C22-5438 MJP<br><br>ORDER OF DISMISSAL |

The Court issues this Order of Dismissal after reviewing Plaintiff's Complaint. (Dkt. No. 5.) Having reviewed the Complaint, the Court DISMISSES the Complaint WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B) because the claims are barred by sovereign immunity and because the Complaint fails to state a claim for relief as required by Rule 8 of the Federal Rules of Civil Procedure.

**BACKGROUND**

Plaintiff Marlin Giovanni Pickens has filed a Bivens action against the Central Intelligence Agency. (Dkt. No. 5-1 at 3-5.) Plaintiff appears to allege that the availability of

ORDER OF DISMISSAL - 1

pornography on the internet violates the constitutional rights of all American citizens. (Id. at 4.) But Plaintiff does not identify any actions taken or omitted by the CIA or its agents or any injury he has personally suffered.

## ANALYSIS

**A.     Legal Standard**

There are certain minimum standards that apply to any complaint filed in federal district court. The standards applicable to Plaintiff's complaint are contained in Rule 8 of the Federal Rules of Civil Procedure. To satisfy Rule 8, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the allegations are inadequate to satisfy Rule 8. Id. at 679. And "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Twombly, 559 U.S. at 557 (quotation omitted); see Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.").

When a plaintiff appears without counsel in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988). Yet this lenient standard does not

excuse a pro se litigant from meeting the most basic pleading requirements. See Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

And because Plaintiff has been granted leave to proceed with this matter without paying the filing fee, the Court is required to "dismiss the case at any time if the court determines" that the action: (1) "is frivolous or malicious"; (ii) "fails to state a claim on which relief may be granted" or (iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the pro se litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." McGucken v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

**B.      Defects in Complaint**

Having reviewed Plaintiff's Complaint, the Court finds that its claims are barred by sovereign immunity, do not state a claim for relief, and appear to be frivolous. The Court DISMISSES the claims WITH PREJUDICE because amendment would be futile.

Bivens actions are the judicially-crafted counterpart to Section 1983. They enable victims to sue individual federal officers for damages resulting from violations of constitutional rights. Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). To state a claim under Bivens, a plaintiff must allege facts showing that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a federal actor. Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). "Actions under § 1983 and those under

Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Id.

The first and primary problem with Plaintiff's Complaint is that its claims against the CIA are barred by sovereign immunity. The United States, as a sovereign, may not be sued without its consent, and the terms of its consent define the court's jurisdiction. United States v. Dalm, 494 U.S. 596, 608 (1990). A waiver of the United States' sovereign immunity must be unequivocally expressed in statutory text. Lane v. Pena, 518 U.S. 187, 192 (1996). "[T]he United States has not waived its sovereign immunity in action seeking damages for constitutional violations." Thomas-Lazer v. FBI, 851 F.2d 1202, 1207 (9th Cir. 1988). Further, Bivens actions are only available against individual federal officials, not against the United States or agency of the United States. FDIC v. Meyer, 510 U.S. 471, 486 (1994) ("An extension of Bivens to agencies of the Federal Government is not supported by the logic of Bivens itself."). Here, Plaintiff's claims against the CIA, an agency of the United States, are barred by sovereign immunity. And Plaintiff has not identified any individual CIA agents that may be responsible for or who have caused injury to Plaintiff. As such, the Court finds that the claims are barred by sovereign immunity and must be DISMISSED.

Second, Plaintiff has failed to allege any facts to support his Bivens claims as required to state a claim for relief. The Complaint alleges vaguely that Plaintiff's and all American citizens' rights have been violated, without identifying who caused the violation, what acts or omission relate to the violation of rights, and whether any acts or omissions occurred that are attributable to any agent or employee of the CIA. Nor does the Complaint contain any allegations showing causation—that is, facts that might show how any acts or omissions, policies, customs, or practices, allegedly caused a deprivation of Plaintiff's rights. These vague and conclusory

allegations of wrongdoing without factual support are insufficient to state a claim. This is an independent basis on which the Court finds the Complaint must be DISMISSED.

Third, given the Court's present understanding of the allegations in the Complaint, the Court finds the claims to be frivolous. Plaintiff's concerns about pornography appears to have no nexus either to the CIA or to Plaintiff. The claim "lacks an arguable basis either in law or in fact" and appear frivolous as pleaded. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). This is an independent basis on which the Court finds the Complaint must be DISMISSED.

**CONCLUSION**

Given the deficiencies described above, the Court DISMISSES Plaintiff's Complaint. Because Plaintiff's claims are barred by sovereign immunity and appear frivolous, the Court DISMISSES the claims WITH PREJUDICE because amendment would be futile. See Saul, 928 F.2d at 843; 28 U.S.C. § 1915(e)(2)(B).

The Clerk is directed to send Plaintiff and all counsel a copy of this Order.

Dated June 21, 2022.

Marsha J. Pechman
United States Senior District Judge